IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR24** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **GUILLERMO BORBOA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 43). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant objects to the criminal history point assessed in ¶ 35 for a California conviction resulting in a January 26, 2005, sentence of 36 months probation with 10 days jail suspended. (PSR, ¶ 35.) The Defendant cites *United States v. Stallings,* 301 F.3d 919 (8th Cir. 2002) as support for the proposition that under California law a suspended sentence is not a "conviction."

The Court notes that U.S.S.G. § 4A1.2(3) provides that a conviction for which the imposition or execution of sentence was totally suspended is considered a "prior sentence" under U.S.S.G. § 4A1.1(c). The Court has read *Stallings,* which is distinguishable insofar as: 1) *Stallings* was decided in the context of a sentencing enhancement pursuant to 21 U.S.C. §§ 841 and 851; and 2) even assuming that *Stallings* applied to the U.S.S.G. §§ 4A1.1 and 4A1.2 context, the Court cannot determine at this point that the prior offense is

not a "conviction" because the time within which probation could be revoked has not run. *Id.* at 922.  The objection is denied.

    IT IS ORDERED:

    1.    The Court's Tentative Findings are that the Defendant's Objections to the Presentence Investigation Report (Filing No. 43) are denied;

    2.    Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

    3.    If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

    4.    Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

    5.    Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

    DATED this 12th day of December, 2005.

                                      BY THE COURT:

                                      s/Laurie Smith Camp
                                      United States District Judge