IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>                                                                )<br>                   Plaintiff,                           )<br>                                                                )<br>       vs.                                                   )<br>                                                                )<br>GUILLERMO BORBOA,                        )<br>                                                                )<br>                   Defendant.                       ) | CASE NO. 8:05CR24<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 96) filed by the Defendant, Guillermo Borboa. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

On January 20, 2005, the government filed a single-count Indictment against the Defendant, in which he was charged with a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine. (Filing No. 1.) On March 1, 2005, Attorney W. Russell Bowie filed a Entry of Appearance (Filing No. 10) which prompted the Federal Public Defender's Office to file a Motion to Withdraw (Filing No. 12). On August 17, 2005, a fully executed Petition to Enter a Plea of Guilty (Filing No. 28) and Plea Agreement (Filing No. 29) were filed with the Court.

At the Change of Plea hearing held on September 29, 2005, the Defendant entered a plea of guilty before the Court on Count I of the Indictment. (Filing No. 37.) At the plea hearing, the Defendant was placed under oath and thereafter stated the following: he had never been under a doctor's care for mental illness; he had not had any alcohol or drugs in the last three days; he was not taking any prescription or nonprescription medication; there was not any medication that he was supposed to be taking; he was thinking clearly enough to make important decisions about his life; he was satisfied with the advice given to him by his attorney, Mr. Bowie; no one made any threat or promise to get him to plead guilty; he voluntarily was pleading guilty to Count I of the Indictment; he understood the statutory penalties, including that he was subject to imprisonment for not less than 10 years, nor more that life; he agreed with the terms of the plea agreement; and he understood that he could receive a sentence different than what he or his attorney believed might be imposed but would still be bound by, with no right to withdraw, his plea of guilty. The plea agreement set forth the nature of the offense, the elements of the crime, and the statutory penalties including imprisonment of not less than 10 years nor more than life (Filing No. 29). Finally, the plea agreement stated that the Defendant waived, among other things, his right to contest the conviction and sentence under 28 U.S.C. § 2255 except for ineffective assistance of counsel or prosecutorial misconduct (Id. at 4).

The Presentence Investigation Report, submitted in November 2005, calculated the Defendant's total offense level to be 33, his criminal history category to be category II, and the guideline imprisonment range to be 151-188 months. The Defendant filed objections to the Presentence Investigation Report (Filing No. 43) and those objections were addressed in the Court's Tentative Findings (Filing No. 46). The Defendant filed a

response to the Court's Tentative Findings on December 14, 2005 (Filing No. 48).  The Defendant failed to appear at the sentencing hearing scheduled on December 21, 2005 (Filing No. 51).  A bench warrant was issued and a Petition for Action on Conditions of Pretrial Release was filed (Filing No. 54).

On January 1, 2006, W. Russell Bowie was given permission to withdraw from this case (Filing No. 60).  On June 8, 2009, because of the Defendant's status as a fugitive, the Court denied the Defendant's objections to the Presetence Investigation Report and the Tentative Findings without prejudice to reassertion (Filing No. 76).   On August 10, 2011, Attorney Martin A. Cannon filed a notice of appearance (Filing No. 78) as retained counsel and renewed the objections to the Presetence Investigation Report and requested a hearing (Filing No. 79).  On September 12, 2012, the government moved this Court for a writ, advising that the Defendant was presently incarcerated in the California State Department of Corrections (Filing No. 82).

A Second Revised Presetence Investigation Report was submitted (Filing No. 91) adjusting the earlier guideline calculations in the initial Presentence Investigation Report. Because of the Defendant's failure to appear at his sentencing (obstruction of justice), his conviction on new charges in California, and the Defendant's lack of acceptance of responsibility for his offense, the revised guidelines were: total offense level - 38; criminal history category - IV; and guideline sentence range - 324 to 405 months.  At the sentencing hearing held on February 4, 2013, the court departed below the advisory guideline range and sentenced the Defendant to a 240-month term of imprisonment with a five-year term of supervised release  (Filing No. 90.)  Judgment was entered on February 5, 2013.  (Filing No. 93.)  The Defendant did not file a direct appeal.

The Defendant's § 2255 motion was filed on February 10, 2014. In that motion, he raises two grounds for relief. In Ground I, the Defendant asserts that his attorney, "was ineffective as to plea bargain case resulting in 240 months aggravated term." (Filing No. 96 at 4.) In Ground II, the Defendant asserts that his attorney, "was ineffective as to state consecutive sentence which was to be concurrent to federal sentence," and "that the Court shouldn't have been allowed to consider petitioner's criminal history for post-sentence conduct." (*Id.* at 4-5.)

## DISCUSSION

To establish ineffective assistance of counsel, Borboa must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

Under Borboa's plea agreement he waived his right to seek post-conviction relief based on ineffective assistance of counsel except "if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement." (Filing No. 29 at 2.)

Borboa's complaints appear to focus on the sentencing phase of his case. His retained counsel's performance during the sentencing was not outside the wide range of reasonable professional assistance, nor did counsel make any errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012) ("There is a 'strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.'") (quoting *Strickland*, 466 U.S. at 689). Borboa has not presented any allegations sufficient to satisfy either prong of the *Strickland* test. His broad and vague expression of dissatisfaction with his sentence–which was substantially below the applicable guideline range–does not suggest that his counsel was in any respect deficient.

## CONCLUSION

Borboa has not come forward with allegations from which the Court can infer any possibility that he can demonstrate that his counsel's performance was deficient in any respect, or that Borboa was in any way prejudiced by his counsel's performance. It plainly appears from the motion and the record or prior proceedings that he is not entitled to relief.

Accordingly,

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 96);

2. The Court summarily dismisses the Defendant's § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4.     The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 14th day of February, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge