IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:5-CR-24 |
| vs. | |
| GUILLERMO BORBOA, | ORDER ON MOTION FOR IMMEDIATE RELEASE |
| Defendant. | |

    This matter is before the Court on Guillermo Borboa's *pro se* "Motion for Immediate Release Due to Courts Lack of Subject Matter Jurisdiction." Filing 137. Borboa claims that the Court lacked subject matter jurisdiction because of some unclear issue with his indictment and, therefore, he must be released, along with other relief. Filing 137 at 2. Because Borboa is attacking the legality of his conviction and imprisonment, and requests immediate release, the Court construes this Motion as a 28 U.S.C. § 2255 habeas petition. *See* 28 U.S.C. § 2255(a).

    Borboa has previously filed a habeas petition, Filing 96, which the Court summarily dismissed along with denying a certificate of appealability, Filing 97. Thus, this is Borboa's second habeas petition.

    Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(B) ("A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals."). "Thus, the statute specifically reposes in the Eighth Circuit Court of Appeals the jurisdiction to decide whether leave to file a second or successive petition should be granted . . . .". *Chadwick v. Graves*, 110 F. Supp. 2d 1110, 1114 (N.D. Iowa 2000). When the petitioner has

1

failed to obtain authorization from the Court of Appeals before filing a second or successive habeas petition, the district court lacks jurisdiction to consider the petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (noting that the district court was without jurisdiction to entertain the petitioner's second habeas petition when the petitioner failed to obtain authorization from the court of appeals); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997) (holding that district court correctly determined it lacked jurisdiction to consider a successive habeas petition). Borboa failed to seek authorization from the Eighth Circuit before filing the current petition. Thus, the Court is without jurisdiction to entertain it. The Court will dismiss the petition without prejudice so that Borboa can seek authorization from the Eighth Circuit pursuant to 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). Accordingly,

IT IS ORDERED that Guillermo Borboa's Motion for Immediate Release, Filing 137, construed as a § 2255 habeas petition, is dismissed without prejudice.

Dated this 16th day of February, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge