IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>GUILLERMO BORBOA,<br><br>      Defendant. | 8:5-CR-24<br><br>**ORDER** |

  On February 7, 2023, defendant Guillermo Borboa filed a *pro se* "Motion for Immediate Release Due to Courts [sic] Lack of Subject Matter Jurisdiction." Filing 137. The Court construed the Motion as a 28 U.S.C. § 2255 habeas petition and, because it was Borboa's second petition, denied it in a February 17, 2023, Order without prejudice. Filing 138. Borboa filed a notice of appeal on May 2, 2023, along with a request to file his appeal out of time. Filing 140. This matter is before the Court to rule on this request and to determine if Borboa may proceed on appeal *in forma pauperis*.

  In a civil case,[1] a notice of appeal must be filed within 60 days after entry of the order appealed from if one of the parties is the United States. Fed. R. App. P. 4(a)(1)(B). Thus, the deadline for Borboa to file an appeal passed on April 18, 2023. A party may ask the district court to extend the time to file a notice of appeal if (1) the party moves no later than 30 days after the appeal deadline expired, and (2) the party shows "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). Borboa has moved within 30 days of the deadline passing, so the only question is if he shows "excusable neglect or good cause."

---

[1] The Court construed Borboa's Motion as a habeas petition, so the rules governing appeals in civil cases apply. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas corpus proceedings are characterized as civil in nature."); Rule 11(b) of the Rules Governing Section 2255 Proceedings ("Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules.").

1

Four factors are relevant to the "excusable neglect" analysis: "the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Gould on behalf of St. Louis - Kansas City Carpenters Reg'l Council v. Bond*, 1 F.4th 583, 588 (8th Cir. 2021) (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 462 (8th Cir. 2000)).

In this case, the short length of delay and the lack of prejudice to the United States weigh in favor of granting the extension. The only real issue is the reason for the delay, which is the most important factor. *See id.* In his request for an extension, Borboa claims that he never received the Court's Order denying his Motion, and only became aware that his Motion had been denied after doing a name search on the prison library's computer on April 21, 2023. Filing 140 at 1. With his request for an extension, Borboa included a screenshot of the Court's Order that he claims he found online. Filing 140 at 2–3. Based on the dates included in his request, Borboa dropped his notice of appeal and request for extension in the prison mailbox on April 24 and his prison mailed it on April 27. Filing 140 at 1, 5.

There is a presumption that parties receive all documents sent to them, and the docket shows that the Clerk of Court mailed Borboa the Order on February 17, 2023. Filing 138 (Text Entry stating "Copy mailed to pro se party"); *see Nebraska Mach. Co. v. Cargotec Sols., LLC*, 762 F.3d 737, 742 n.4 (8th Cir. 2014) ("[T]he parties are presumed to have received all documents that were properly sent to them." (citing *Am. Boat Co. v. Unknown Sunken Barge*, 418 F.3d 910, 914 (8th Cir. 2005))); *Am. Boat Co.*, 418 F.3d at 913 (8th Cir. 2005) ("[T]he the clerk's docket entries are presumed correct in the absence of reliable evidence to the contrary[.]"). Nevertheless, based on the information Borboa provides in his request, the Court credits his claim that, for whatever

2

reason, he never received the Order in a timely fashion. Furthermore, Borboa acted diligently by searching for information about his Motion on a computer and, after discovering it had been denied, acted expeditiously in mailing his notice of appeal. Therefore, Borboa has shown excusable neglect and the Court will extend the appeal deadline so that Borboa's notice of appeal is timely.

The remaining issue is whether Borboa may proceed *in forma pauperis* on his appeal. Rule 24 of the Rules of Appellate Procedure permit a party to proceed *in forma pauperis* without further authorization if the party was appointed counsel in his or her criminal case, the Court does not certify that the appeal is not taken in good faith, and a statute does not provide otherwise. Fed. R. App. P. 24(a)(3). Borboa had appointed counsel in his underlying criminal case, the Court will not certify this appeal as not taken in good faith, and no statute bars Borboa from having *in forma pauperis* status.[2] Accordingly,

IT IS ORDERED:

1. Borboa's request to file his notice of appeal "out of time," Filing 140, is granted; and
2. Borboa may proceed on appeal *in forma pauperis*.

Dated this 3rd day of May, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

---

[2] The Prison Litigation Reform Act does not apply to habeas proceedings. *See Malave v. Hedrick*, 271 F.3d 1139, 1140 (8th Cir. 2001).