IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 8:5-CR-24 |
| vs. | |
| GUILLERMO BORBOA, | ORDER ON CERTIFICATE OF APPEALABILITY |
| Defendants. | |

This matter is before the Court on limited remand from the Eighth Circuit Court of Appeals to determine whether to issue a certificate of appealability for defendant Guillermo Borba's appeal. Filing 146. Borboa is presently appealing the Court's February 17, 2023, Order denying Guillermo's "Motion for Immediate Release." Filing 140; Filing 138; Filing 137. The Court will not issue a certificate of appealability.

No appeal may be taken on a § 2255 motion to vacate unless a judge issues a certificate of appealability, which requires the appellant to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)–(2). To make "a substantial showing of the denial of a constitutional right" after the district court denied the constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, a petition is entitled to a certificate of appealability if the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

1

As the Court explained in its Order, Borboa's "Motion for Immediate Release" attacked the legality of his conviction and imprisonment and requested immediate release, so it was properly construed as a 28 U.S.C. § 2255 habeas petition. Filing 138 at 1. Under the law, a successive habeas petition must be certified by a panel of the appropriate court of appeals. 28 U.S.C. § 2255(h). Borboa failed to do so, which deprived the Court of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (noting that the district court was without jurisdiction to entertain the petitioner's second habeas petition when the petitioner failed to obtain authorization from the court of appeals); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997) (holding that district court correctly determined it lacked jurisdiction to consider a successive habeas petition).

Reasonable jurists would not find the Court's decisions debatable. The law is clear: a successive §2255 habeas petition must be presented to the court of appeals first. Accordingly,

IT IS ORDERED that the Court will not issue a certificate of appealability for Borboa's Guillermo's appeal.

Dated this 10th day of May, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge