Guillermo Borboa
Reg: 31281-112
**FCI Mendota**
P.O. Box 9
Mendota, CA 93640

Date: _July 23, 202V_

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

GUILLERMO BORBOA,

Petitioner,

**V.**

**UNITED STATES OF AMERICA,**

Respondent.

**Case: 8:05-cr-00024-BCB-MDN**

*U.S. DISTRICT COURT DISTRICT OF NEBRASKA FILED OFFICE OF THE CLERK 2024 AUG -1 AM 10:34*

---

**MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(C)(1)(A), USSG § 1B1.13(b)(5) OTHER REASONS, AND APPOINTMENT OF COUNSEL**

-------------------------------------------------------------------------------------------------

**Guillermo Borboa** ("**Mr. Borboa**"), acting **pro se**, respectfully submits this motion seeking a sentence reduction under **18 U.S.C. § 3582(c)(1)(A)** and **USSG § 1B1.13(b)(5)** for "**Other Reasons.**" He also requests the appointment of counsel to assist with this matter.

Originally sentenced to **240 months**, to be served consecutively to a **12-year** state sentence, Borboa now contends that, if sentenced today, his sentence would be significantly less severe due to disparities in sentencing guidelines and the substantial time he has already served. Specifically, Borboa seeks relief based on the court's discretion under the "Other Reasons" clause of **USSG § 1B1.13(b)(5)** to consider running his sentences concurrently instead of consecutively under **18 U.S.C. § 3584**, methamphetamine sentencing disparity, co-defendant disparity, national sentencing disparity, the lack of reduction for acceptance of responsibility under **USSG § 3E1.1**, and the imposition of a 2-point enhancement for obstruction of justice under **USSG § 3C1.1**.

In support of this motion, **Borboa** states the following:

**RECEIVED**

AUG 0 1 2024

CLERK
U.S. DISTRICT COURT

1

## PRO SE CAPACITY

**Guillermo Borboa**, as a pro se litigant, respectfully requests the Court to apply a more lenient standard to his filings, consistent with **Haines v. Kerner, 404 U.S. 519 (1972)**. In Haines, the Supreme Court emphasized the importance of using less stringent standards for submissions by pro se litigants to ensure they are not unfairly disadvantaged compared to those prepared by attorneys. This principle is further supported by the Ninth Circuit in **Olga Barannik v. William P. Barr, No. 19-70871, 2020 WL 6385679 (9th Cir. Oct. 26, 2020)**, which employed a "forgiving standard" in reviewing pro se filings, advocating for the broadest possible interpretation. Additionally, **United States v. Qazi, No. 18-10483 (9th Cir. 2020)**, highlights the Circuit's dedication to procedural fairness and justice, emphasizing the need for equitable treatment of all court participants, including those representing themselves. **Mr. Borboa** urges the Court to extend this same consideration to his motion, demonstrating the judiciary's commitment to fairness and access to justice for pro se litigants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The amendment to **18 U.S.C. § 3582(c)(1)(A)** under the First Step Act permits defendants to petition the court directly for compassionate release after an initial request to the Warden. **Guillermo Borboa** filed his request for compassionate release on **June 20, 2024**, and, having not received a response within the mandatory **30-day** period, has effectively exhausted all available administrative remedies. This aligns with the precedent set in **United States v. Hemmergarn, 15 F.4th 1027**, which stipulates that exhaustion requirements are limited to issues that have been administratively adjudicated. The Supreme Court also advises against imposing additional exhaustion prerequisites in scenarios lacking adversarial administrative processes, such as requests for compassionate release.

With no reply from the Warden after **30 days, Mr. Borboa** meets the requisite conditions to seek judicial review of his compassionate release motion.

2

# I. STATEMENT OF FACTS

1. **Initial Sentencing and Custody: Guillermo Borboa** was scheduled for sentencing on December 21, 2005, but failed to appear and was re-arrested on September 29, 2009, in Orange County, California. On March 11, 2010, he was sentenced in a California state court to 12 years of imprisonment. On June 5, 2019, **Mr. Borboa** was transferred to federal custody to begin serving his federal sentence of 240 months (20 years), ordered to run consecutively to his state sentence, resulting in a nearly 30-year total sentence. His Release Date is projected on **06/16/2035**.

2. **Methamphetamine Sentencing Disparities (Other Reasons Clause):** Initially, the government charged **Mr. Borboa** with methamphetamine mixture, but he was ultimately sentenced for actual methamphetamine, significantly increasing his offense level. Under Amendment 782, his base offense level would be **34**. With the additional **2** levels for obstruction of justice and no reduction for acceptance of responsibility, his total offense level is **36**. If the court considers removing 4 levels due to the methamphetamine disparity, his offense level would be **32**. For a criminal history category **IV**, the guideline range for offense level **32** is **168** to **210** months. **The Court has discretion under USSG § 1B1.13(b)(5) to address these disparities and consider them as extraordinary and compelling reasons for a sentence reduction.**

3. **Disparity in Sentencing with Co-Defendant (Other Reasons Clause):** Mr. Borboa's co-defendant, Jhovannie Antonio Reyes, was released on December 15, 2008, receiving a significantly lighter sentence. This highlights the profound sentencing disparity, emphasizing the undue harshness of **Mr. Borboa's** sentence. **This disparity is cognizable under the "Other Reasons" clause, providing the Court with discretion to address the inequity.**

4. **Revised Sentencing Calculation (Other Reasons Clause):** If the 2-level enhancement for obstruction of justice were removed, **Mr. Borboa's** offense level

would be **34**. If he had received a **3-level** reduction for acceptance of responsibility, his offense level would further reduce to **31**. For a criminal history category IV, the guideline range for offense level **31** is **151** to **188** months. **Mr. Borboa** has already served a significant portion of this revised guideline range. **The Court can consider this recalculated guideline range under USSG § 1B1.13(b)(5).**

5. **Draconian Nature of Current Sentence (Other Reasons Clause):** The nearly 30-year total incarceration period resulting from consecutive sentencing is disproportionate to **Mr. Borboa's** non-violent offense. The significant sentencing disparities between **Mr. Borboa** and his co-defendant, as well as the lighter sentences typically received by others nationwide for similar offenses, highlight a profound sentencing imbalance. **These factors can be considered by the Court under USSG § 1B1.13(b)(5) as extraordinary and compelling reasons for a sentence reduction.**

6. **Rehabilitation and Conduct in Custody (18 U.S.C. § 3553(a) Factors):** Since his incarceration, **Mr. Borboa** has actively participated in various Bureau of Prisons (BOP) programs aimed at rehabilitation and self-improvement, earning the respect and support of both inmates and staff. His excellent conduct and positive influence within the correctional facility further underscore his readiness for a second chance.

7. **Exhaustion of Administrative Remedies:** **Mr. Borboa** has exhausted all available administrative remedies as required under **18 U.S.C. § 3582(c)(1)(A)**. He submitted requests for sentence reduction to the warden, and more than **30 days** have passed without a response, thereby fulfilling the statutory requirement for exhaustion and permitting judicial review of his motions.

8. **Request for Appointment of Counsel:** Given the complexity of the legal and factual issues involved in this case, **Mr. Borboa** respectfully requests the appointment of counsel to assist in the preparation and presentation of his motion for sentence reduction. The assistance of counsel would ensure that all relevant factors and legal arguments are adequately presented to the Court.

4

## II. LEGAL STANDARD

A judgment, including a sentence of imprisonment, **"may not be modified by a district court except in limited circumstances."** *Dillon v. United States*, 560 U.S. 817, 825 (2010). This principle reflects the importance of finality in criminal sentencing. Under **18 U.S.C. § 3582(c)**, a court generally "may not modify a term of imprisonment once it has been imposed," except in three specific circumstances:

1. **Upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)**: This provision, often referred to as "compassionate release," allows a court to reduce a term of imprisonment upon motion of the Director of the Bureau of Prisons (BOP) or upon motion of the defendant. The defendant can file such a motion after exhausting all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf, or after 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. This mechanism is designed to provide relief in extraordinary and compelling circumstances.

2. **Modification as expressly permitted by statute or Rule 35**: Under **18 U.S.C. § 3582(c)(1)(B)**, a court may modify a sentence "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Rule 35 allows for correction of a sentence within 14 days after sentencing in case of clear error, or for reduction of a sentence upon the government's motion due to the defendant's substantial assistance in investigating or prosecuting another person.

3. **Retroactively lowered sentencing range**: According to **18 U.S.C. § 3582(c)(2)**, a court may reduce the term of imprisonment for a defendant who was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. This provision is aimed at ensuring fairness by allowing defendants to benefit from retroactive amendments to the Sentencing Guidelines.}

Under **18 U.S.C. § 3582(c)(1)(A)**, after a prisoner exhausts administrative remedies, the court must find that **"extraordinary and compelling reasons warrant such a reduction"** and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement, **U.S.S.G. § 1B1.13**, outlines several criteria that qualify as extraordinary and compelling reasons:

Under **§ 1B1.13**, as amended, extraordinary and compelling circumstances include: **(1)** medical conditions of the defendant, whether terminal or chronic, that substantially diminish the defendant's ability to provide self-care within a correctional facility; **(2)** age when the defendant is at least 65 years old; **(3)** family circumstances rendering the defendant the only viable caretaker for a family member; **(4)** victim of abuse where the defendant while in custody experienced abuse by an employee of the BOP; **(5)** other reasons not specifically enumerated that, when considered by themselves or together, are of a similar gravity as those described in paragraphs **(1)-(4)**; and **(6)** an unusually long sentence where the defendant has served at least 10 years of the term of imprisonment and a change in law has created a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed.

The defendant bears the burden of establishing circumstances under which he or she is eligible for a sentence reduction under **18 U.S.C. 3582(c)(1)(A)(i)**. This burden requires the defendant to provide evidence and arguments demonstrating that their situation meets the criteria for compassionate release. Courts have emphasized this point in numerous cases. For example, in *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020), the court stated, **"the defendant has the burden to show circumstances meeting the test for compassionate release,"** citing *United States v. Stowe*, No. CR-H-11-803 (1), 2019 WL 4673725, at *6 (W.D. La. Apr. 24, 2020).

In summary, while the courts have limited authority to modify a sentence once it has been imposed, **18 U.S.C. § 3582(c)** provides specific avenues through which a sentence may be reduced. The criteria for such reductions are stringent, reflecting the need to balance the finality of sentences with considerations of fairness and justice.

**III. ARGUMENT 1 - Compassionate Release Based on the Hardship of Consecutive Sentencing and the Court's Discretion under "Other Reasons" § 1B1.13(b)(5)**

**Guillermo Borboa** respectfully submits this motion for compassionate release pursuant to **18 U.S.C. § 3582(c)(1)(A)**, arguing that the consecutive nature of his sentence has imposed an undue hardship and that he has demonstrated significant rehabilitation. **Mr. Borboa** requests that the Court exercise its discretion under **18 U.S.C. § 3584** and the **"Other Reasons" clause of USSG § 1B1.13(b)(5)** to run his state and federal sentences concurrent instead of consecutive.

**A. Hardship of Consecutive Sentencing**

**1. Excessive Total Incarceration Period:**

- **Initial Arrest and Release on Bond:** Mr. Borboa was arrested on **February 1, 2005**, and released on bond on **February 23, 2005**, remaining under pretrial supervision until **September 29, 2005**.
- **Failure to Appear and Re-Arrest:** On **December 21, 2005**, Mr. Borboa failed to appear for his sentencing and was subsequently re-arrested on **September 29, 2009**, in Orange County, California.
- **State Sentencing:** On **March 11, 2010**, Mr. Borboa was sentenced in a California state court to **12 years of imprisonment**.
- **Transfer to Federal Custody:** On **June 5, 2019**, Mr. Borboa was transferred to federal custody to begin serving his federal sentence of **240 months (20 years)**, ordered to run consecutively to his state sentence.
- **Total Incarceration Time:**
  - **State Custody:** 9 years, 8 months, and 7 days (**September 29, 2009 - June 5, 2019**)
  - **Federal Custody:** 5 years, 1 month, and 18 days (**June 5, 2019 - July 23, 2024**)
  - **Total Time in Custody:** Nearly 15 years so far, with a remaining federal sentence until **June 16, 2035**, making the total nearly 30 years.

7

- **Impact of Consecutive Sentencing:** If the sentences had been ordered to run concurrently, **Mr. Borboa** would have completed a substantial portion of his federal sentence while serving his state sentence, significantly reducing the total time in custody. This extended period of incarceration diminishes opportunities for reintegration into society and the ability to rebuild family and community ties.

## B. Legal Precedents Supporting Compassionate Release

**1. Case Law Supporting Hardship and Rehabilitation:** In **United States v. Kelly**, 6:09-CR-00172-01 (W.D. La. Jan. 30, 2024), the court recognized that the hardship resulting from serving consecutive sentences can constitute extraordinary and compelling reasons for release under the **"Other Reasons" clause** of USSG **§ 1B1.13(b)(5)**. The court noted the significant impact of consecutive sentencing and the potential for concurrent sentencing to provide a more just outcome. Similarly, in **Mr. Borboa's** case, the prolonged incarceration and its impact on his family and rehabilitation efforts present compelling reasons for his compassionate release.

**2. Application of 18 U.S.C. § 3584:** Under **18 U.S.C. § 3584**, the Court has the discretion to impose multiple terms of imprisonment either concurrently or consecutively. This discretion allows the Court to consider the unique circumstances of each case and the defendant's individual characteristics to promote fairness and justice.

## C. Disparity and the Court's Discretion to Address It

**Current Sentencing Guidelines:** Under **Amendment 782**, which reduced the base offense levels for drug offenses, **Mr. Borboa's** sentencing guidelines would be recalculated. For the charge of possessing at least **500 grams** but less than **1.5 kilograms** of actual methamphetamine, the revised base offense level is **34** (reduced from **36**). With the same adjustments (+2 levels for obstruction of justice and no reduction for acceptance of responsibility), the total offense level would be **36**. For a criminal history category IV, the guideline range for offense level 36 is **262 to 327 months**. However, this does not address the disproportionate impact of running his sentences consecutively.

8

**Disparity of Time:** The nearly **30-year** total incarceration period resulting from consecutive sentencing is disproportionate to the nature of **Mr. Borboa's** non-violent offense. If his sentences had been ordered to run concurrently, he would have completed a significant portion of his federal sentence during his state incarceration, reducing the total time in custody. As noted in **United States v. Brown**, 457 F. Supp. 3d 691, 703 (S.D. Iowa 2020), "It is hard to argue that the manifest unfairness of keeping a man in prison for decades more than if he had committed the same crime today is neither extraordinary nor compelling. As numerous courts have held, this, too, cuts in favor of a sentence reduction under **§ 3582(c)**." This disparity underscores the undue harshness of his current sentence structure.

## D. Alignment with 18 U.S.C. § 3553(a) Factors

Releasing **Mr. Borboa** would align with the **18 U.S.C. § 3553(a)** factors, which consider the nature and circumstances of the offense and the history and characteristics of the defendant. Since his incarceration, **Mr. Borboa** has actively participated in various BOP programs aimed at rehabilitation and self-improvement, completed numerous educational and vocational courses, and has become a positive influence within the correctional facility. His non-violent offense, coupled with his significant rehabilitation efforts and the prolonged nature of his incarceration, supports the argument for his compassionate release, allowing him to reintegrate into society and support his family, which aligns with the goals of sentencing under **18 U.S.C. § 3553(a)**.

## RELIEF REQUESTED

The consecutive nature of **Mr. Borboa's** sentences has resulted in an unduly harsh and excessive total period of incarceration. Given his demonstrated rehabilitation, personal growth, and the substantial time already served, **Mr. Borboa** respectfully requests that the Court exercise its discretion under **18 U.S.C. § 3584** to order that his sentences run concurrently. Additionally, under the **"Other Reasons" clause** of USSG **§ 1B1.13(b)(5)**, **Mr. Borboa's** extraordinary and compelling reasons presented warrant a compassionate release.

**IV. ARGUMENT 2: Sentence Reduction Based on Methamphetamine Disparity under Extraordinary and Compelling Reasons - 18 U.S.C. § 3582(c)(1)(A) under USSG § 1B1.13(b)(5) "Other Reasons" and USSG § 1B1.13(b)(6)**

**Guillermo Borboa** respectfully submits this motion for a sentence reduction pursuant to **18 U.S.C. § 3582(c)(1)(A),** based on the significant disparity in sentencing between methamphetamine mixture and actual methamphetamine. Initially charged for methamphetamine mixture, **Mr. Borboa** was ultimately sentenced for actual methamphetamine, resulting in a higher offense level and a longer sentence. With the application of **USSG § 1B1.13(b)(5) "Other Reasons",** his revised sentencing calculation would reflect a more equitable approach.

**A. Legal Justification for Sentence Reduction under USSG § 1B1.13(b)(5) and USSG § 1B1.13(b)(6)**

At the beginning, the government charged **Mr. Borboa** with methamphetamine mixture, but he was ultimately sentenced for actual methamphetamine, significantly increasing his offense level.

**Current Sentencing Guidelines:** Under **Amendment 782,** which reduced the base offense levels for drug offenses, **Mr. Borboa's** sentencing guidelines would be recalculated. For the charge of possessing at least 500 grams but less than 1.5 kilograms of actual methamphetamine, the revised base offense level is **34** (reduced from **36**). With the same adjustments (+2 levels for obstruction of justice and no reduction for acceptance of responsibility), the total offense level would be **36.** For a criminal history category IV, the guideline range for offense level 36 is **262 to 327 months.** However, **Amendment 782** alone doesn't reduce his sentence but if the court grants **4 levels** for criminal history points for the meth disparities from actual to mixture, the offense level would be **32.** For a criminal history category IV, the guideline range for offense level 32 is **168 to 210 months.** **Mr. Borboa** has already completed this sentence, so we request the court to consider this and grant a reduction to the low end of the guidelines, **168 months.**

**Under USSG § 1B1.13(b)(5),** a defendant may present any circumstances or combination of circumstances that "when considered by themselves or together with any of the reasons

10

[listed at § 1B1.13(b)(1)-(4)] are similar in gravity to those [listed in § 1B1.13(b)(1)-(4)]." Additionally, **USSG § 1B1.13(b)(6)** allows for sentence reductions when the defendant has "received an unusually long sentence and has served at least 10 years of the term of imprisonment."

## B. Judicial Critique of Methamphetamine Sentencing Disparities

The sentencing framework for methamphetamine has significantly evolved, emphasizing the need for a more equitable approach, particularly due to the harsher penalties traditionally imposed for pure methamphetamine as compared to methamphetamine mixtures. The conventional 10-to-1 weight ratio, distinguishing pure from mixed forms of methamphetamine, has faced substantial judicial scrutiny.

For instance, in **United States v. Nawanna**, 321 F. Supp. 3d 943 (N.D. Iowa 2018), the court acknowledged the lack of empirical support for this disparity, noting that the ratio does not accurately reflect the realities of methamphetamine trafficking. Similarly, in **United States v. Carrillo**, 440 F. Supp. 3d 1148 (E.D. Cal. 2020), the court highlighted explicit policy disagreements with the methamphetamine guidelines. These cases underscore the disproportionate impact on defendants like **Mr. Borboa** and support the call for reconsideration of sentencing practices. Disparities in sentences like methamphetamine actual versus methamphetamine mixture are cognizable under the "Other Reasons" clause (USSG § 1B1.13(b)(5)). The importance assigned to purity is even less justified for cases where the offender has no control over the purity level. For example, in **United States v. Hayes**, 948 F. Supp. 2d 1009 (D. Neb. 2013), the court observed that problems with outdated purity assumptions are "heightened when the offender has no knowledge or control of the purity of the methamphetamine he or she is transporting." **United States v. Ortega**, 2010 WL 1994870 (D. Neb. May 17, 2010), recognized that purity-based penalties "illogically skew[] sentences for 'average' defendants to the upper end of the sentencing spectrum, blurring the distinctions between high and low level distributors in a hierarchy." These cases highlight the need for sentencing reform to address such disparities.

## C. Cases Supporting the Application of USSG § 1B1.13(b)(5) and USSG § 1B1.13(b)(6)

Since the passage of the First Step Act (FSA), courts have taken lengthy sentences, which are disparate post enactment of the FSA, into consideration when determining whether sentence reduction is appropriate pursuant to section 3582(c)(1)(A). For example, in **United States v. Ortiz**, No. 17cr2283-MMA-1, 2023 U.S. Dist. LEXIS 31532, at \*7-12 (S.D. Cal. Feb. 24, 2023), **United States v. De Hernandez**, No. 17cr2110-MMA, 2021 U.S. Dist. LEXIS 105524, at \*6-9 (S.D. Cal. June 4, 2021), and **United States v. Rosas**, No. 17cr3431-MMA- 4, 2020 U.S. Dist. LEXIS 231714, at \*6-8 (S.D. Cal. Dec. 8, 2020), the courts highlighted significant sentencing disparities that have resulted from the FSA.

Disparities in sentences, such as methamphetamine actual versus methamphetamine mixture, are cognizable under the "other reasons" clause (USSG § 1B1.13(b)(5)). For instance, in **United States v. Pinal-Maldonado**, No. 17cr3431-MMA-2 (S.D. Cal. Oct. 19, 2023), the court found significant sentencing disparities that warranted sentence reductions. Among the **§ 3553(a)** factors most relevant here are "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" and "the need for the sentence imposed... to reflect the seriousness of the offense." **18 U.S.C. § 3553(a)(2), (6)**. For the reasons stated above, the methamphetamine Guidelines produce advisory sentences that fail to achieve these **§ 3553(a)** objectives. In **United States v. Patrick**, No. 4:23-cr-00206-BLW (D. Idaho, Apr. 11, 2024), the court emphasized the need to consider the unwarranted disparity between cases involving tested and untested substances, and to impose a sentence that reflects the seriousness of the offense.

### RELIEF REQUESTED

**Mr. Borboa** has already served a significant portion of his sentence, qualifying him under **USSG § 1B1.13(b)(6)**. By reducing **Mr. Borboa's** offense level based on the methamphetamine mixture guidelines, his total offense level would be **32**, resulting in a guideline range of **168 to 210 months**. The court has full discretion under **USSG § 1B1.13(b)(5)** to consider these changes and reduce **Mr. Borboa's** sentence to the low end of the guidelines, **168 months**, ensuring that the sentence is fair and just.

**V. ARGUMENT 3: Sentence Reduction Based on Draconian Sentencing, Co-defendant Disparity, and Sentencing Disparity under Extraordinary and Compelling Reasons - 18 U.S.C. § 3582(c)(1)(A) under USSG § 1B1.13(b)(5) "Other Reasons"**

Guillermo Borboa respectfully submits this motion for a sentence reduction pursuant to **18 U.S.C. § 3582(c)(1)(A)**, based on the **draconian nature of his sentencing**, denial of reduction for acceptance of responsibility, imposition of a 2-point enhancement for obstruction of justice, and significant disparity with his co-defendant's sentence. Mr. Borboa requests the Court exercise its discretion under **USSG § 1B1.13(b)(5) "Other Reasons"** to reconsider these factors. At the time of the crime, Mr. Borboa was younger and less mature, which led to poor decision-making. Now, at 45 years old, he has shown significant personal growth and rehabilitation, meriting reconsideration under **18 U.S.C. § 3553(a)** factors.

**A. Addressing Sentencing Disparity for Guillermo Borboa**

Mr. Borboa was sentenced to **240 months** for offenses involving significant quantities of methamphetamine, served consecutively to a **12-year state sentence**, resulting in nearly **30 years** in total. This contrasts sharply with lighter sentences typically received for similar offenses. According to the **2023 Sourcebook of Federal Sentencing Statistics**, even for defendants in Category IV, the maximum sentence generally caps at **133 months**. Additionally, his co-defendant, **Jhovannie Antonio Reyes**, who was released on **12/15/2008**, received a significantly lighter sentence, further emphasizing the disparity.

**B. Overview of Sentencing Disparities**

In **United States v. Eder**, CR 10-97-GF-BMM, D. Mont., May 29, 2024, the court granted a compassionate release and sentence reduction for Curtis Ray Eder, acknowledging the disparity between Eder's sentence and the median sentences for similar offenses. This case illustrates that even in severe cases, sentencing disparities warrant judicial correction under **USSG § 1B1.13(b)(5)**.

**C. Comparison with Sentencing Norms**

**Mr. Borboa's** nearly 30-year sentence starkly contrasts with the norms for similar drug offenses as outlined in the **2023 Sourcebook of Federal Sentencing Statistics**:

**Category 1**: Median 45 months, Mean 59 months, **Category 2**: Median 60 months, Mean 74 months, **Category 3**: Median 72 months, Mean 88 months, **Category 4**: Median 84 months, Mean 100 months, **Category 5**: Median 100 months, Mean 110 months and **Category 6**: Median 120 months, Mean 133 months

Despite the severity of Mr. Borboa's offenses, his nearly 30-year sentence drastically exceeds even the highest category, revealing an excessive punishment that warrants reconsideration.

### D. Consideration of Non-Violent Offender Status and Sentencing Enhancements

- **Denial of Acceptance of Responsibility Reduction**: Mr. Borboa was denied a reduction for acceptance of responsibility under **USSG § 3E1.1** due to his failure to appear for sentencing in 2005 and subsequent re-arrest in 2009.
- **Imposition of Obstruction of Justice Enhancement**: He received a 2-point enhancement for obstruction of justice under **USSG § 3C1.1**. Despite his non-violent offense, these enhancements contributed to an unduly harsh sentence.

### E. Co-defendant Disparity and Court's Discretion

- **Co-defendant Comparison**: Mr. Borboa's co-defendant, **Jhovannie Antonio Reyes**, released on **12/15/2008**, received a significantly lighter sentence, highlighting the undue harshness of Mr. Borboa's sentence and warranting reconsideration under the "Other Reasons" clause.
- **Relevant Case Law**: In **United States v. Pinal-Maldonado**, No. 17cr3431-MMA-2 (S.D. Cal. Oct. 19, 2023), the court found that the disparity between Pinal-Maldonado's sentence and his co-defendant's sentence warranted relief under **USSG § 1B1.13(b)(5)**. This supports addressing the significant disparity between Mr. Borboa's sentence and his co-defendant's.

### F. Disparity and the Court's Discretion to Address It

- **Disparity of Time**: The nearly 30-year incarceration period is disproportionate to Mr. Borboa's non-violent offense. Reconsidering these factors would result in a significantly lower sentence.
- **Revised Sentencing Calculation**:
  - o **Current Sentencing Guidelines**: Under Amendment 782, the revised base offense level is 34. With a 2-point obstruction enhancement and no reduction for acceptance of responsibility, the total offense level is 36.
  - o **Without Enhancements**: Removing the 2-point obstruction enhancement reduces the offense level to 34. If Mr. Borboa had received a 3-level reduction for acceptance of responsibility, his offense level would be 31. For a criminal history category IV, the guideline for offense level 31 is 168 to 210 months.

## G. Judicial Precedents Supporting Reconsideration

In **United States v. Booker**, 543 U.S. 220 (2005), the Supreme Court emphasized the need for fair and consistent sentencing, noting that unjustified sentence disparities undermine the federal judicial system's credibility. Additionally, **Pepper v. United States**, 562 U.S. 476 (2011), highlights the importance of individualized sentencing decisions based on the offense and offender's characteristics. Moreover, in **United States v. Eder**, the court granted a sentence reduction based on the disparity between the defendant's sentence and average sentences for similar crimes, supporting Mr. Borboa's request for a reduction.

## RELIEF REQUESTED

Given the substantial disparities evident when Mr. Borboa's sentence is compared with current sentencing practices and his co-defendant's sentence, a review and adjustment of his sentence is justified and necessary under **USSG § 1B1.13(b)(5)**. Adjusting his sentence to align more closely with the average sentences imposed for similar offenses would rectify these disparities under the "Other Reasons" Clause of **USSG § 1B1.13(b)(5)**. Additionally, considering Mr. Borboa's age of 45 and demonstrated rehabilitation, the court can verify that the new sentence would serve justice and align with the **18 U.S.C. § 3553(a)** factors.

## VI. CONSIDERATION OF FACTORS UNDER 18 U.S.C. § 3553(a)

Having established eligibility for relief under **USSG § 1B1.13(b)(5)**, **Mr. Borboa** now addresses the relevant **18 U.S.C. § 3553(a)** factors to demonstrate the Court's discretion to grant the requested relief.

### A. Nature and Circumstances of the Offense (18 U.S.C. § 3553(a)(1))

**Mr. Borboa** was sentenced to **240 months** for non-violent drug offenses involving methamphetamine. Initially charged with methamphetamine mixture, he was ultimately sentenced for actual methamphetamine, increasing his offense level. The consecutive nature of his sentences has resulted in nearly 30 years of incarceration, disproportionate to his co-defendant, Jhovannie Antonio Reyes, released in 2008.

### B. Sentencing Disparities (18 U.S.C. § 3553(a)(6))

Mr. Borboa's sentence is significantly longer than norms for similar offenses. According to the **2023 Sourcebook of Federal Sentencing Statistics**, even for defendants in Category IV, the maximum sentence generally caps at 133 months. The disparity between Mr. Borboa's nearly 30-year sentence and typical sentences highlights a profound imbalance. In **United States v. Pinal-Maldonado**, No. 17cr3431-MMA-2 (S.D. Cal. Oct. 19, 2023), the court found that disparities between co-defendants warranted relief under **USSG § 1B1.13(b)(5)**.

### C. Need for the Sentence (18 U.S.C. § 3553(a)(2))

**Mr. Borboa's** lengthy sentence fails to meet balanced objectives of punishment, deterrence, protection of the public, and rehabilitation. His rehabilitation and transformation show he is no longer a danger to society. Since incarceration, **Mr. Borboa** has participated in BOP programs aimed at rehabilitation, earning respect from inmates and staff.

**Mr. Borboa´s** Sentence warrants relief under the "Other Reasons" clause of **USSG § 1B1.13(b)(5)**, the extraordinary and compelling reasons presented warrant a compassionate release or significant reduction in the remaining federal sentence, aligning with principles of justice, fairness, and rehabilitation as outlined in **18 U.S.C. § 3553(a)** factors.

16

## VII. RELEASE PLAN

Upon release, **Borboa plans to reintegrate into society with the support of his family**. His family is committed to providing a stable and supportive environment, ensuring his basic needs such as housing, food, and emotional support are met. This strong network is vital for his successful reentry and decreasing the likelihood of recidivism. Additionally, Borboa has secured employment in a family-operated business, utilizing the skills and education he gained during his incarceration. This job will provide financial stability and a structured daily routine, which is crucial for his reintegration and for supporting his children, who are in desperate need of Borboa's assistance. By considering the **18 U.S.C. § 3553(a)** factors along with Borboa's well-prepared release plan, the court can ensure that his sentence is reasonable and just, reflecting modern legal standards and the principles of rehabilitation. The significant sentencing disparities, exemplary behavior, substantial time already served.

## VIII. REQUEST FOR APPOINTMENT OF COUNSEL

**Benjamin Borboa** requests the appointment of counsel under **18 U.S.C. § 3582(c)(1)(A)**. His petition for sentence reconsideration is influenced by unique circumstances and "Other Reasons" in **USSG § 1B1.13(b)(5)**. Currently representing himself, Borboa faces significant obstacles due to limited access to legal resources and challenges understanding federal guidelines and post-conviction processes. The **Sixth Amendment's right to counsel**, affirmed in **Gideon v. Wainright**, 372 U.S. 335 (1963), extends to crucial post-conviction proceedings. Precedents like **United States v. Wade**, 388 U.S. 218 (1967), and **Pennsylvania v. Finley**, 481 U.S. 551 (1987), emphasize the need for competent legal counsel.

The complexities of his case, including sentencing disparities under "Other Reasons," demand a skilled attorney. His **240-month sentence, consecutive with 12 years of state sentence**, for non-violent offenses requires thorough review. Therefore, it is requested that the Court appoint counsel to assist **Benjamin Borboa** in reconsidering his sentence, ensuring a fair evaluation and just resolution.

## IX. PRAYER FOR RELIEF

**Guillermo Borboa** respectfully requests the following relief pursuant to **18 U.S.C. § 3582(c)(1)(A)** and guided by **USSG § 1B1.13(b)(5) "Other Reasons"**:

1. **Methamphetamine Sentencing Disparity**: Address the disparity between sentencing for "methamphetamine actual" and "methamphetamine mixture" by reducing Borboa's offense level by 4 points to reflect current guidelines.

2. **Sentencing Adjustments**: Remove the 2-point obstruction enhancement, reducing the offense level to 34. If Mr. Borboa had received a 3-level reduction for acceptance of responsibility, his offense level would be 31. For a criminal history category IV, the guideline for offense level 31 is 168 to 210 months.

3. **Co-Defendant Disparity**: Correct the significant sentencing disparity between Borboa and his co-defendant, Jhovannie Antonio Reyes, who has already been released. Adjust Borboa's sentence to align with the median and mean sentences for similar offenses as reported in the latest U.S. Sentencing Commission Sourcebook.

4. **Significant Time Served**: Acknowledge the substantial portion of the sentence already served, approximately 15 years, which significantly exceeds the median sentences for similar offenses.

**WHEREFORE**, Borboa urges the Court to grant this motion to reflect updated justice standards, recognize mitigating factors, and align his sentence with those of other offenders under similar circumstances. Additionally, pursuant to the **"Other Reasons"** clause in **USSG § 1B1.13(b)(5)**, the Court should consider **Mr. Borboa's** age (45) and demonstrated rehabilitation under the factors set forth in **18 U.S.C. § 3553(a)** in reducing his sentence.

Date: _July 23, 2024_

Respectfully,

_Gillermo Barboa_

**Guillermo Borboa**
Reg: 31281-112
FCI Mendota
P.O. Box 9
Mendota, CA 93640

## CERTIFICATE OF SERVICE

I, **Guillermo Borboa**, hereby certify that on this day July 25, 2024, I served a copy of the **Combined Motion for Compassionate Release and Sentence Reconsideration Under 18 U.S.C. § 3582(c)(1)(A), USSG § 1B1.13(b)(5) "Other Reasons"; and Appointment of Counsel** on the following parties:

1. **Office of the United States Attorney for the District of Nebraska.**
2. **The Clerk of Court, United States District Court for the District of Nebraska.**

The documents were sent via U.S. Mail, ensuring delivery and receipt. A copy of the motion was also placed in the institution's internal mail system addressed to the Legal Department for filing with the court.

Respectfully,

*Guillermo Borboa*

**Guillermo Borboa**
Reg: 31281-112
FCI Mendota
P.O. Box 9
Mendota, CA 93640

# EXHAUSTION

# OF

# ADMINISTRATIVE

# REMEDIES

BP-A0148
HSLC 10

**INMATE REQUEST TO STAFF** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member)<br>WARDEN | DATE:<br>JUNE 20,2024 |
|---|---|
| FROM:<br>Guillermo Borboa | REGISTER NO.:<br>31281-112 |
| WORK ASSIGNMENT:<br>ORDERLY | UNIT:<br>A1 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

I, Guillermo Borboa, respectfully request compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the following reasons:

Originally sentenced to 240 months, to be served consecutively to a 12-year state sentence, I now contend that, if sentenced today, my sentence would be significantly less severe due to disparities in sentencing guidelines and the substantial time I have already served. Specifically, I seek relief under the "Other Reasons" clause of USSG § 1B1.13(b)(5) to consider running my sentences concurrently instead of consecutively under 18 U.S.C. § 3584, methamphetamine sentencing disparity, co-defendant disparity, national sentencing disparity, the lack of reduction for acceptance of responsibility under USSG § 3E1.1, and the imposition of a 2-point enhancement for obstruction of justice under USSG § 3C1.1.

Given these circumstances, I respectfully request that you consider my situation and grant my request for compassionate release.

*Guillermo Borboa*

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate

PDF                                    Prescribed by N551/

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

**SECTION 6**

Guillermo Barboa
Reg # 31281-112
Federal Correctional Institution
P.O. Box 9
Mendota, CA. 93640



U.S. POSTAGE PAID
FCM LG ENV
EL PASO, TX 79936
JUL 28, 2024
$2.31
S2324E500773-40
RDC 99
68102
Retail

United States District Court
District of Nebraska
Omaha Division
111 South 18th Plaza, Suite 1152
Omaha, NE 68102-1322

RECEIVED
AUG 0 1 2024
CLERK
U.S. DISTRICT COURT