IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>GUILLERMO BORBOA,<br><br>              Defendant. | **8:5-CR-24**<br><br>**ORDER ON MOTION FOR SENTENCE REDUCTION** |

      This matter is before the Court on defendant Guillermo Borboa's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (compassionate release). Filing 153. The Court notes that it has already denied a similar motion from Borboa. Filing 126. The grounds for Borboa's Motion include "methamphetamine sentencing disparity, co-defendant disparity, national sentencing disparity, the lack of reduction for acceptance of responsibility under USSG § 3E1.1, and the imposition of a 2-point enhancement for obstruction of justice under USSG § 3C1.1." Filing 153 at 1. For the reasons stated below, Borboa's Motion is denied.

      The statute under which Borboa brings his motion for compassionate release states in relevant part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). Moreover, Section 1.B1.13(b) of the United States Sentencing Guidelines sets out several specific circumstances—including medical circumstances, age, and being the victim of abuse—that qualify as "extraordinary and compelling reasons" that may

1

warrant a reduced sentence. In addition, Section 1.B1.13(b)(5) allows for relief based on "other reasons" where "[t]he defendant presents any other circumstance or combination of circumstances that are similar in gravity to" the enumerated reasons. Further, there is no need to "make a specific rejoinder to every circumstance cited in support of a reduction," *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020), and district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant early release, *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021). Finally, the Eighth Circuit Court of Appeals has cautioned that "[t]he compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022).

Because Borboa indicated that he exhausted his administrative remedies, Filing 153 at 2, the Court turns directly to the merits of his claims. Regarding the sentencing disparity between defendants charged with a mixture containing methamphetamine and those charged with actual methamphetamine, a "district court may vary from the meth guidelines based on a policy disagreement . . . [but] nothing mandates it to do so." *United States v. Moore*, 835 F. App'x 172 (8th Cir. 2021) (per curiam) (citing *United States v. Sharkey*, 895 F.3d 1077, 1082 (8th Cir. 2018)). The undersigned has no such policy disagreement with the guidelines on this issue. *See e.g., United States v. Inman*, No. 8:21–CR–60, 2023 WL 4201164, at *2 (D. Neb. June 27, 2023) ("The Court explained that it did not have a policy disagreement with the guidelines' treatment of methamphetamine actual versus methamphetamine mixture."). Thus, the Court declines to reduce Borboa's sentence on this ground.

Regarding the alleged disparity between Borboa's sentence and that of his codefendant, the record shows that the late Judge Smith Camp dismissed without prejudice the case against

Borboa's codefendant, Filing 63, and Borboa has not provided any information about his codefendant's purported sentence. As "the inmate bears the burden to establish that compassionate release is warranted, and the district court is not required to investigate possible avenues for relief or to develop the record in support of a motion," *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)), the Court declines to reduce Borboa's sentence on this ground. For the same reason—namely, Borboa's failure to provide any factual information or explanation in support of his claims—the Court declines to reduce Borboa's sentence due to "the lack of reduction for acceptance of responsibility under USSG § 3El.l, and the imposition of a 2-point enhancement for obstruction of justice under USSG § 3Cl.1." FIling 153 at 1. Further, the Court notes that even if Borboa provided additional information, the Court doubts he could provide facts that would outweigh the significant 18 U.S.C. § 3553(a) factors that counsel against a sentence reduction.

Regarding the alleged "lighter sentences typically received by others nationwide for similar offenses," Filing 153 at 4, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021). In addition, Borboa's rehabilitation "is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. 1B1.13(d). Thus, none of Borboa's asserted grounds for relief justify reducing his sentence, especially when weighed against the 18 U.S.C § 3553(a) factors, such as "the nature and circumstances of the offense" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."

Finally, Borboa requests appointed counsel. Filing 153 at 4. It is well established that "there is no constitutional right to counsel in § 3582(c) proceedings." *United States v. Brown*, 565 F.3d

3

1093, 1094 (8th Cir. 2009). The Court declines to appoint counsel given the straight-forward nature of the issues presented. Accordingly,

    IT IS ORDERED that Borboa's Motion for Sentence Reduction, Filing 153, is denied.

Dated this 26th day of September, 2024.

                        BY THE COURT:

                        _____
                        Brian C. Buescher
                        United States District Judge